IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| STEPHANIE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| L.V & V ASSOCIATES, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, STEPHANIE WILLIAMS, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, L.V & V ASSOCIATES, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. STEPHANIE WILLIAMS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Champaign, County of Champaign, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Clout (hereinafter, "the Debt").

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. L.V & V ASSOCIATES, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant's principal place of business is located in the State of California.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  ALLEGATIONS

14. In or around June 2012, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt.

15. At the time Defendant initiated the aforesaid telephone call to Plaintiff, Defendant left a voicemail message for Plaintiff.

16. At no time during the course of the aforesaid voicemail message left by Defendant for Plaintiff did Defendant state it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

17. During the course of the aforesaid voicemail message left by Defendant for Plaintiff, Defendant's duly authorized representative stated that he was calling from Defendant's "document service division."

18. Defendant further stated it was contacting Plaintiff in regards to a complaint that had been forwarded to Defendant's "firm."

19. Defendant informed Plaintiff that it required a statement from Plaintiff.

20. Defendant further told Plaintiff that it had to discuss the "pending action being filed."

21. Defendant then provided Plaintiff with a putative case number.

22. During the course of the aforesaid voicemail message left by Defendant for Plaintiff, Defendant stated "[t]his is a time sensitive matter. If you do have an attorney representing you, please forward the information to him."

23. Defendant ended the aforesaid voicemail message it left for Plaintiff by stating "[a]gain, failure to respond will be judged as non-compliance on your behalf as we will be required to take further action here on this complaint without your input or cooperation."

24. Plaintiff heard the contents of the aforesaid voicemail message left for her by Defendant.

25. Defendant's representations to Plaintiff during the course of the aforesaid voicemail message had the effect of conveying to an unsophisticated consumer that Defendant was a law firm.

26. Defendant is not a law firm.

27. Defendant's representations to Plaintiff that it was a law firm were false, deceptive and/or misleading given that Defendant is not a law firm.

28. At the time Defendant left the aforesaid voicemail message for Plaintiff, Defendant had not filed an action against Plaintiff relative to the Debt.

29. Defendant's representation to Plaintiff that an action had been filed against her relative to the Debt were false, deceptive and/or misleading given that Defendant had not filed an action against Plaintiff relative to the Debt.

30. Defendant's representation to Plaintiff that an action had been filed against her relative to the Debt misrepresented the character, nature and/or legal status of the Debt given that Defendant had not filed an action against Plaintiff relative to the Debt.

31. In or around June 2012, subsequent to Plaintiff having listened to the aforesaid voicemail message, Plaintiff initiated a telephone call to Defendant.

32. Plaintiff and Defendant then engaged in a telephone conversation wherein Defendant attempted to collect the Debt from Plaintiff.

33. During the course of the aforesaid telephone conversation between Plaintiff and Defendant, Defendant told Plaintiff that it required her address so that it could "serve" Plaintiff and pursue a claim against her.

34. Defendant's representations to Plaintiff, as delineated above, further had the effect of conveying to an unsophisticated consumer that Defendant had filed a lawsuit against Plaintiff relative to the Debt.

35. Defendant's representations to Plaintiff, as delineated above, further had the effect of conveying to an unsophisticated consumer that Defendant was attempting to serve Plaintiff with a lawsuit it putatively filed against her relative to the Debt.

36. Defendant's representations to Plaintiff that a lawsuit had been filed against her were false, deceptive and/or misleading given that Defendant has not filed a lawsuit against Plaintiff relative to the Debt.

37. Defendant's representations to Plaintiff that a lawsuit had been filed against her misrepresented the character, nature and/or legal status of the Debt given that Defendant has not filed a lawsuit against Plaintiff relative to the Debt.

38. At the time Defendant represented it would serve Plaintiff with a lawsuit, Defendant had no intention to carry out the aforesaid conduct as Defendant had not filed a lawsuit against Plaintiff relative to the Debt.

39. At all relevant times, Plaintiff was residing in the State of Illinois.

40. At all relevant times, Defendant was attempting to collect a Debt from Plaintiff while she was residing in the State of Illinois.

41. At all relevant times there was in full force and effect a statute in the State of Illinois requiring all debt collectors collecting debts in the State of Illinois to be registered with the Illinois Department of Financial and Professional Regulation.

42. At all relevant times, Defendant was not registered with the Illinois Department of Financial and Professional Regulation.

43. Defendant's attempts to collect the Debt from Plaintiff in the State of Illinois were unfair and/or unconscionable given that at the time Defendant attempted to collect the Debt from Plaintiff, Defendant was neither licensed nor permitted to collect the Debt from Plaintiff, as required by the state law.

44. Defendant's representations to Plaintiff that she had to pay the Debt to Defendant, as delineated above, were false, deceptive and/or misleading given that at the time Defendant represented to Plaintiff that she had to pay the Debt to Defendant, Defendant was neither licensed nor permitted to collect the Debt from Plaintiff.

45. In its attempts to collect the Debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   e. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

   g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

46. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

47. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STEPHANIE WILLIAMS, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**STEPHANIE WILLIAMS**

By:   s/ David M. Marco
        Attorney for Plaintiff

Dated: January 18, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com